Hagan vs. Casey.

## HAGAN vs. CASEY.

| | |
|---|---|
| 30 | 553 |
| 74 | 306 |
| 30 | 553 |
| 92 | 251 |
| 30 | 553 |
| d113 ³ | 38 |

TRESPASS QUARE CLAUSUM : (1, 2.) *Damages in, no bar to subsequent action for subsequent damages.*

PRACTICE: (3.) *Waiver of affidavit on appeal.*

1. Judgment for damages in an action of trespass *quare clausum* will not bar a subsequent action for damages resulting from the same trespass, but which had not accrued at the time of, and were not included in, such former judgment.
2. Thus, where the damages recovered in the former action were for injuries to the close itself on account of defendant's stallion breaking into

it, this will not bar a subsequent action for damages resulting to plaintiff in consequence of his mare running in said close, having been gotten with foal by said stallion; the fact of her being with foal not being known, and the damage to plaintiff therefrom (through loss of her work, checking of her growth, etc.), not having accrued when the former action was tried.

3. Where, on appeal from a J. P., the defendant, to entitle himself to a trial *de novo* in the circuit court, is required to file and serve a certain affidavit (laws of 1864, ch. 262), if the respondent goes to trial without objecting to the absence of such affidavit, he waives his right, and cannot urge the objection on appeal to this court.

APPEAL from the Circuit Court for *Dodge* County.

Action of trespass *quare clausum*, brought before a justice of the peace. The complaint alleged that in the month of August, 1869, the plaintiff, Hagan, was in possession of a mare colt, about two years old; that defendant was in possession of a horse, which he negligently allowed to enter plaintiff's premises and to cover plaintiff's mare, in consequence of which a colt was delivered by said mare on the 25th of July, 1870, thereby damaging plaintiff in the injury to his mare and loss of her labor, to the amount of one hundred dollars. The answer denied the allegations of the complaint, and alleged, further, that before the commencement of this action, plaintiff had recovered judgment against defendant before a justice of the peace for the same cause of action. Judgment was had for plaintiff, from which defendant appealed to the circuit court.

Upon the trial the plaintiff testified that about the 26th or 27th of August, 1869, he saw defendant's stallion in the pasture with his (plaintiff's) mare, and that afterwards and up to the 16th of September, the stallion was there on and off, sometimes as often as twice a day, and that his mare was delivered of a colt on the 25th of July following, whereby he lost the use of his mare from the 8th of July until some time in August. One Patrick Hagan also testified for plaintiff that he had seen defendant's horse in the pasture with plaintiff's mare ten or twelve times, but that he never saw the horse cover the mare.

Hagan vs. Casey.

Defendant, thereupon, moved a non-suit, for the reason that the evidence showed no cause of action, which motion was overruled. The evidence for the defendant, which was then offered, showed that one Mc Govern, a neighbor of the parties, had a horse of about the same age with defendant's, and closely resembling it in appearance, and that this horse was seen with plaintiff's mare after the harvest of 1869, the precise time not being fixed. Defendant then offered in evidence a transcript of the record of a judgment recovered before a justice of the peace by the same plaintiff and against the same defendant, for damages incurred by defendant's horse and bull breaking into plaintiff's premises between the 1st and 22d days of September, 1869, which suit had been begun and judgment had been recovered before the commencement of this action. The admission of the record was objected to by plaintiff, but the objection was overruled. The court refused to instruct the jury, at the request of defendant, first, that the judgment in evidence between the parties, dated October 9, 1869, was a bar to this action, and, second, that if there was no evidence to show that this cause of action was not included in the evidence on the trial of the former suit, then the former action was a bar to this. Verdict for plaintiff, and a motion to set aside the verdict and for a new trial being overruled, defendant appealed from the judgment.

*Harlow Pease*, for appellant, argued, among other things, that the court erred in refusing the first and second instructions asked by defendant, since the former judgment barred this action. A judgment is final and conclusive upon the parties, not only as to matters actually determined, but as to all matters which the parties might have litigated and had decided under the pleadings in the cause. In other words, everything covered by the pleadings is presumed to have been litigated and determined. *Embury v. Connor*, 3 Coms. 511; Cowen & Hill's Notes to Phillips Evidence, 804 to 810, 971,2. *Shepardson v. Green*, June term, 1871, unpublished. The plead-

ings in the former suit cover and include everything in issue in this action. Damages caused by negligent acts may be proved under an averment of wrongful, willful or malicious acts. *Frank v. Avery*, 21 Wis., 166.

*Orton, Mulberger & Gardner*, for respondent, contended that there was no error in refusing the first instruction asked by defendant, since the cause of action in this suit accrued after the commencement of the former action, and did not then exist and from the nature of the case could not have existed. The doctrine of *res adjudicata* is limited in its application to those matters which the parties under their pleadings, or the issue joined in the former action, might legitimately have controverted and have had decided, by the verdict and judgment, and has never been so extended as to compel one party having several different causes of action against another, to join them in one action because they were of such a character that the law would permit their union. *Eastman v. Porter*, 14 Wis., 39.

COLE, J. We do not think there was any error in the refusal of the court to grant the nonsuit. The evidence tended to prove, indeed did prove, that the defendant's young horse had been seen several times in the same pasture with plaintiff's mare, about a year before she had a colt. It was very true that no witness was able to testify that he had ever seen the horse cover the mare, but the fact that the animals were together about the time the mare was got with foal by somebody's horse, was a circumstance to go to the jury upon the question whether the defendant's horse was the sire of the foal, or not. And we may, in this connection, dispose of another objection raised by defendant's counsel, that the verdict was unsupported by evidence, and should have been set aside. According to our view of the testimony this objection is untenable. There was evidence which justified the verdict. It is said there was as much proof to show that McGovern's horse got the plaintiff's mare with foal as that the defendant's horse did it. This is a mistake. The defend-

ant's horse was seen several times in the pasture with plaintiff's mare. No witness swears to seeing McGovern's horse in the pasture with the mare. It is true McGovern's horse was seen in the defendant's lot after harvest, and it was running in the road part of the time that summer. It was not impossible for it to be the sire of the foal, but the probabilities are strongly against that supposition. But at all events these questions were proper matter for the jury to determine upon the evidence submitted. We are unable to say that the verdict has no sufficient evidence to sustain it.

It is claimed further that the court erred in not instructing the jury as requested by the defendant that the judgment in the former action between the parties was a bar to this. The former suit was commenced September 22d, 1869, for trespass *quare clausum fregit.* It was alleged in the complaint in that action that the defendant had at divers times between the 1st and 22d days of September, 1869, " by his stud-horse and bull " trespassed upon the plaintiff's close. Under this complaint the plaintiff might have recovered any damages which he had sustained prior to the commencement of the suit to the amount claimed in his complaint. But at that time it is obvious the damages claimed in the present suit did not and could not from the nature of the case exist. The *gravamen* of this case is that the defendant's horse got the plaintiff's mare with foal, which it is claimed injured the mare in her growth, and that the plaintiff was deprived of her use the next season, in consequence of the animal being in that condition. And it may be true that the damages resulting to the plaintiff by reason of his mare having been got with foal is a legitimate consequence of the original trespass. But the former action was solely for that wrongful act, and for such damages as the plaintiff had then sustained by it to his close. These subsequent damages did not then exist and of course could not possibly have been adjudicated in that action. No evidence could have been submitted to the jury in respect to them, and they could not then have

been litigated. That the mare was with foal was a fact not developed or known when the former action was tried, and how her being in that condition would affect her growth, or whether it would prevent the plaintiff from using her on his farm, as he otherwise might do, were matters not disclosed until many months afterwards.

The principle is well settled, that matters which have been once determined by judicial decision cannot be again drawn into controversy as between the parties and privies to the action; but this only extends as far as the subject matter of the second suit is substantially the same as that of the first. Had the plaintiff waited until September, 1870, before he brought his action for the trespass to his close, he might have recovered in that suit by way of special damage for the loss occasioned by reason of the defendant's horse getting his mare with a foal. But he would have had to lay the foundation for this special damage in his complaint. But no such special damage was alleged in the former suit and could not be, for the obvious reason that none such had been sustained. For any damage done to the plaintiff's close by the horse and bull, the former recovery is a complete bar. But it is very apparent that the injury complained of in this suit was not a matter which was or could be litigated or drawn in question in the former action. The subject matter of this action did not then exist, and could not have been within the issue of the former adjudication. The counsel in this case do not differ as to the conclusiveness of a former recovery upon the cause of action there in issue and determined. They only differ as to the application of that rule of law. It seems to us that it cannot apply here, for the obvious reason that the matter for which the plaintiff now sues has never been heard or determined. The transcript of the docket of the justice in the former action abundantly proves of itself, that the particular matter of this suit did not come in question. And this remark is all we deem it necessary to say in answer to the exception to the refusal of the court to give the second

special instruction asked by the defendant. In order to make a record evidence to conclude any matter, it should appear that that matter was in issue. It did not appear from the transcript of the justice's docket that the cause of action herein was included in the former suit, but the contrary inference arises therefrom. The objection that the plaintiff's affidavit for a trial *de novo* in the circuit court was not served on the defendant or filed with the clerk eight days prior to the term at which the appeal was tried, as required by chap. 262, Laws of 1864, was not taken in the court below and was waived by the parties going to trial.

It follows, from these views, that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.