HALVERSON, Respondent, v. GLASS, Appellant.

(154 N. W. 444.)

(File No. 3793-a.   Opinion filed October 18, 1915.)

1.   **Appeals—Brief—Assignments of Error, Necessity for—Affirmance.**
        Appellant's brief containing no assignments of error, the judgment must be affirmed.

2.  **Appeals—Error—Vacating Order of Dismissal During Term—
    Evidence of Expiration of Term.**

    In determining, on appeal to the Supreme Court, whether an
    order of the circuit court vacating an order dismissing an
    action appealed from justice court, should stand, held, that the
    mere statement in appellant's brief that the term at which the
    original order was made had expired, before the vacating order
    was made, which statement makes no reference to the record
    showing such fact, is insufficient to overcome the presumption
    that the court, making such order, acted within its jurisdiction.

3.  **Animals—Trespassing Animals—Statute—Scope of Amendment—
    Repeal by Implication.**

    Code Civ. Proc., Sec. 838, relating to trespass by animals,
    and providing that. in all actions under the provisions of the
    chapter embracing said section, wherein the amount of damages
    claimed does not exceed $25.00, the judgment of the court
    having original jurisdiction shall.be final, provided either party
    shall be entitled upon demand, to a jury trial, was repealed by
    implication, by Laws 1907, Ch. 244, since the intent of said
    chapter was to cover the whole subject matter covered by
    Revised Code embracing Sec. 838.

Appeal from Circuit Court, Lyman County. Hon. WILLIAM
WILLIAMSON, Judge.

Action by Enoch Halverson, against James Glass, to recover
damages for trespass by defendant's animals. An order dis-
missing the action having been made upon defendant's motion, and
a subsequent order having been made vacating and setting aside
such order of dismissal, defendant appeals from the vacating
order. Affirmed.

*House & Dyer,* for Appellant.

*Albert Williamson,* for Respondent.

WHITING, J. This action, to recover damages in the sum
of $14 for trespass by swine, was commenced in justice court.
Judgment therein was in favor of defendant and plaintiff appealed
to the circuit court on questions of both law and fact, and de-
manded a new trial in such court. The cause was placed upon
the calendar of that court for trial, and thereafter defendant ap-
peared specially and moved the dismissal of the action upon the
ground that the circuit court had no jurisdiction of the subject-
matter. This motion was based upon section 838, Code Civ. Proc.,
providing:

"In all actions under and by virtue of the provisions of this

chapter wherein the amount of damages claimed does not exceed twenty-five (25) dollars, the judgment of the court having original jurisdiction thereof shall .be .final, provided either party to such suit shall be entitled upon demand therefor, to a jury trial."

If section 838, supra, was in force it applied to the cause of action set forth in plaintiff's complaint. The motion was granted, and, on June 12, 1914, an order was made dismissing the action. Upon October 28, 1914, the circuit court, of its own motion, served upon defendant an order to show cause why said order of June 12, 1914, should not be vacated and set aside and the cause set down for hearing at the next term of court. The order to show cause recited that the order of June 12th would be set aside, if at all, "as being improvidently and erroneously entered for the reasons in the above recital set out." Such recital was :

"It now appearing to this court and the judge thereof that the original order entered on the 12th day of June, 1914, probably was made and entered erroneously and improvidently for the reason that said section 838 was not on the 12th day of June, 1914, the law of this state and of Lyman county, and that there was no warrant for the making of said order."

Upon the return of such order to show cause, the circuit court, upon November 4, 1914, entered an order vacating and setting aside the order of June 12th. The notice of appeal recites that it is from this order of November 4, 1914, that this appeal is taken.

[1] Appellant's brief contains no assignment of error. For this, if for no other reason, the judgment must be affirmed. This court has repeatedly called the attention of counsel to the necessity of assignments of error.

[2, 3] But appellant could not succeed for other reasons: (1) He concedes that, during the term at which orders are made, a court—"may amend, correct, modify or supplement them for cause shown, or may, to promote justice, revise, supersede, revoke or vacate them, as may in its discretion seem necessary."

[4] For the purposes of this appeal, but without determining the correctness of his statement of the law, we will assume such concession to be a correct statement of the law. There is no proper showing that the term of court held on June 12, 1914, had

terminated on November 4, 1914. A new term had not yet commenced. Chapter 159, Laws 1913. We know that frequently a term of court is, by adjournments regularly taken, kept open for several months. If the term of the court had been ended, there was a proper record of that fact. A mere statement that the term had ended, made by counsel in that part of his brief devoted to argument, and which statement makes no reference to the proper record showing such fact, is not sufficient to overcome the presumption that the circuit court acted within its jurisdiction, and especially is this true when, as in this case, the question of want of jurisdiction does not seem to have been suggested to the circuit court. (2) It is clear that, in enacting chapter 244, Laws 1907, it was intended to cover the whole subject-matter covered by that chapter of the Revised · Code containing section 838, supra, and such chapter of the Revised Code, though not expressly repealed by such later enactment, was repealed by necessary implication.

The order appealed from is affirmed.