BURNETT, Appellant v. MYERS, Respondent.

(173 N. W. 730).

(File No. 4560.    Opinion filed August 15, 1919.)

1. **Trespass—Trespassing Hogs, Non-notice Before Suit—Statutory Provision re Notice, Remedy Under, Whether Cumulative— Scope of Statute, Effect—Reason of Statute.**

    In a suit for damages caused by trespass of defendant's hogs, held, that an allegation that plaintiff before suit gave defendant notice of the damage and probable amount thereof, pursuant to Laws 1907, Ch. 244, Sec. 3, is necessary; since the statute goes beyond merely restraining the common law right to such damages, and prescribes the method of procedure to secure the remedy, and assumes to cover the whole subject-matter of damages caused by trespassing animals; the remedy provided was intended to be exclusive, and it impliedly repeals the common law right; and moreover is based upon reason wherein it protects a party against suit and costs upon compliance with the notice.

2. **Trespass—Trespassing Animals—Common Law Right, Declaratory Code, Interpretation Re—Right and Remedy Coextensive.**

    Civil Code, Sec. 6 (Sec. 3 Code 1919), declaring the common law questions except where conflicting with statutes, must be construed with limitations in Civ. Code, Sec. 2472 (Sec. 10656 Code 1919) declaring that the Code establishes the law of this state respecting the subjects to which it relates; and held, that Laws 1907, Ch. 244, concerning notice of damages before suit for trespass, is declaratory and establishes the law "respecting" said subjects, since it covers the coextensive common law right and remedy, and excludes both as common law.

Appeal from Circuit Court, Lincoln County. HON. LOUIS L. FLEEGER, Judge.

Action by B. F. Burnett, against Henry Myers, to recover damages caused by trespass of defendant's hogs. From an order presenting a demurrer to the complaint, plaintiff appeals. Affirmed.

*Bogue & Bogue,* for Appellant.

*A. B. Carlson,* for Respondent.

(1) To point one of the opinion, Appellant cited, re remedy:

Vol. 23, Am. & Eng. Enc. of Law, at page 393; Corpus Juris, Vol. 3, page 139, paragraph 417.

(2) To point two, Appellant cited, re common law:

Houska v. Hrabe, 35 S. D. 269, 151 N. W. 1021.

Respondent cited:

Reeves & Co. v. Russell, L. R. A. 1915 D. 1149 at 1161, N. D.; Dollar Savings Bank v. U. S. 22 L. ed. 80; State in Sprague v. Freemont, etc. R. Co. 6 Dak. 87; Re demand, cited: Moore v. Persson, (S. D.) 111 N. W. 633.

POLLEY, J. Plaintiff is claiming damages alleged to have been caused by the trespass of defendant's hogs. The complaint does not allege that the action was commenced within 60 days after the infliction of the damages, as is required by the provisions of chapter 244, Laws of 1907, nor does it allege that plaintiff had given the defendant notice of the damage and the probable amount thereof, as is required by section 3 of that act. Defendant demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appeals.

[1] It is appellant's contention that his action is based upon a common-law right, and that he is entitled to recover, regardless of the provisions of chapter 244, Laws of 1907, that the remedy provided by chapter 244 is cumulative, and not exclusive, and that he is entitled to maintain his action without complying with the provisions of said chapter. It is true that so far as the substance of the right declared in said chapter is concerned, it is merely declaratory of the common law. Houska v. Hrabe, 35 S. D. 269, 151 N. W. 1021, L. R. A. 1915D, 1074. But chapter 244 goes further than to merely restate the common-law right; it prescribes the method of procedure to secure the remedy; it assumes to cover the whole subject-matter of damages caused by trespassing animals, including the rules of practice to be followed in such cases. It is clear, from the degree of minuteness with which the Legislature went into the whole subject, that the remedy provided was intended to be exclusive, and that it was

the intent of the Legislature to repeal any existing provisions of law. Halverson v. Glass, 36 S. D. 225, 154 N. W. 444.

[2] Section 6 of the Civil Code (section 3, Code 1919) declares that the common law is in force in this state except where it conflicts with the statute. That section must be construed with the limitation contained in section 2472, Civil Code (section 10656, Code 1919), which declares that the Code establishes the law of the state respecting the subjects to which it relates. Chapter 244, Laws of 1907, is declaratory of, and establishes, the law of this state "respecting the subject to which it relates." It defines the right and prescribes the remedy. The common-law right and remedy were necessarily coextensive. The statute covers both and necessarily excludes both as common law. Boston Ice Co. v. B. & M. Ry. Co., 77 N. H. 6, 86 Atl. 356, 45 L. R. A. (N. S.) 835, Ann. Cas. 1914A, 1094. The Supreme Court of New Hampshire, in discussing this question, said:

"When a statute revises the whole subject of a former one and is clearly designed as a substitute, the former law is repealed, although no express terms to that effect are used. Hillsborough County v. Manchester, 49 N. H. 57, 60; Opinion of Justices, 66 N. H. 629, 668-671, 33 Atl. 1076. 'The rule does not rest strictly upon the ground of repeal by implication, but upon the principle that when the Legislature makes a revision of a particular statute, and frames a new statute upon the subject-matter, and from the framework of the act it is apparent that the Legislature designed a complete scheme for this matter, it is a legislative declaration that whatever is embraced in the new law shall prevail, and whatever is excluded is discarded. It is decisive evidence of an intention to prescribe the provisions contained in the later act as the only ones on that subject which shall be obligatory.' Roche v. Jersey City, 40 N. J. Law, 257, 262. The rule is the same when the common law is revised by statute. State v. Wilson, 43 N. H. 415, 419, 82 Am. Dec. 163; State v. Morgan, 59 N. H. 322, 324."

See, also, State v. Wilson, 43 N. H. 415, 82 Am. Dec. 163, 5 R. C. L. 815 (§ 7).

The provision found in section 3, c. 244, Laws of 1907, requiring that notice be given to the owner of trespassing animals, before commencing action, is based upon reason. In the absence

of this requirement, a party might be sued and compelled to pay costs who would be willing to pay the damage caused by his trespassing animals, if notified of such trespass and the amount of the damage claimed. He should be given an opportunity. to pay, if he will, before being put to the expense of a lawsuit.

The order appealed from is affirmed.