RICHARDSON, Appellant, v. HALVORSON, Respondent.

(184 N. W. 203.)

(File No. 4893.   Opinion filed August 15, 1921.)

**Trespass—Damages for Livestock Trespass—Grazing and Pasturing Livestock on Plaintiff's Land—Whether Notification to Owner Necessary Before Suit—Statute.**

Where defendant brought his stock upon and grazed and pastured them upon plaintiff's land, it is unnecessary for plaintiff in a suit for damages therefor, to allege or prove that plaintiff notified defendant of the injury and the probable amount of damage before beginning suit, or to bring suit within six months after affliction of the injury as provided in Secs. 2921-2928, Code 1919, as amended by Chap. 350 Laws of 1919; since under the circumstances defendant was not entitled to such notice; the reason for enacting said law being, as held in Burnett v. Meyers, 42 S. D. 233, 173 N. W. 730, that in absence of such requirement, party might be sued and compelled to pay costs who would be willing to pay damage if notified of trespass and amount claimed; and in instant case defendant knew of trespass and extent of damage, which fact

and that defendant was designedly a wrongdoer, takes the case out of the statute.

McCoy, J., concurring in the result.

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by J. W. Richardson, against Enoch Halvorson, to recover damages for injury through trespass of defendant's live-stock on plaintiff's land. From a judgment dismissing the action, plaintiff appeals. Reversed.

*F. E. Mullen,* and *Bartine & Bartine,* for Appellant.

*M. Q. Sharpe,* for Respondent.

POLLEY, P. J. This action originated in a justice court. Plaintiff alleged ownership of a quarter section of land and that during the grazing season of 1920 defendant entered upon said land with his stock and grazed and pastured the same to plaintiff's damage. Plaintiff had judgment, and defendant appealed to the circuit court. In the circuit court it was stipulated that "the only question for the determination of the court being whether or not the plaintiff could recover at all without first having given notice to the defendant of the probable amount of damage which said stock had committed while trespassing upon his land, and the question of whether or not the action was commenced within the time permitted by statute." Under this stipulation defendant moved to dismiss the action on the ground that the complaint failed to state a cause of action "in that it shows a failure of notice given or that the trespass was committed within 60 days of the commencement of the action." This motion was granted, and judgment was entered dismissing the action at plaintiff's cost. From such judgment plaintiff appeals to this court.

The question to be determined is whether the case is governed by the provisions of sections 2922-2928, Rev. Code, and section 2921, as amended by chapter 350, Laws of 1919. Under the provisions of this statute it is necessary for a person who has suffered damage from trespassing live stock to notify the owner of such stock of the injury and the probable amount of the damage before commencing an action, and to bring his action for the recovery of such damage within six months after the infliction of the injury.

It is appellant's contention that the above provisions of the statute do not apply to this case; that these provisions are intended to apply only to cases where live stock while roaming at large had gone upon plaintiff's premises without the intervention or knowledge of the owner of such stock; that in this case the defendant brought his stock upon and grazed and pastured them on plaintiff's land, and for that reason defendant was not entitled to notice before the commencement of the action.

In Burnett v. Myers, 42 S. D. 233, 173 N. W. 730, we stated the reason for enacting the law invoked by respondent as follows:

"The provision found in section 3, c. 244, Laws of 1907 [section 2923, Revised Code,] requiring that notice be given the owner of trespassing animals, before commencing action, is based upon reason. In the absence of this requirement, a party might be sued and compelled to pay costs who would be willing to pay the damage done by his trespassing animals, if notified of such trespass and of the amount of the damage claimed. He should be given an opportunity to pay, if he will, before being put to the expense of a lawsuit."

This being the reason, as we believe, for enacting the law, it does not apply in this case. Respondent, having taken his stock upon appellant's land and grazed and pastured them there, knew of the trespass and the extent of the damage, and there was no occasion for giving him notice of what he already knew. The fact that the defendant was himself designedly a wrongdoer and had full knowledge of the injury takes the case out of the statute requiring the giving of notice.

Under the terms of the stipulation entered into by plaintiff and defendant, judgment should have been entered for plaintiff in the sum of $50 and costs.

The judgment appealed from is reversed.

McCOY, J., concurs in the result on the ground that plaintiff was entitled to maintain this action as a general common-law remedy for wrongful tort.