COMEAU, Respondent, v. BARNES et al, Appellants.

(190 N. W. 887.)

(File No. 4826. Opinion filed November 28, 1922.)

**Animals—Trespass—Notice—Notice of Injury from Trespass Not Required, Where Owner Pastures Stock on Another's Land.**

Rev. Code 1919, Sec, 2923, requiring notice of injury from trespass by stock before commencement of suit for damages, applies only where live stock, without the knowledge or intervention of the owner, go on another's land while roaming at large, and is inapplicable where the owner brings his stock and pastures them on another's land.

Appeal from Circuit Court, Potter County; Hon. J. H. Bottum, Judge.

Action by George N. Comeau against Thomas C. Barnes and another. Judgment for plaintiff, and defendants appeal. Affirmed.

*O'Keeffe & Auldridge,* of Gettysburg, for Appellants.
*Robert B. Fisk,* of Gettysburg, for Respondent.

SMITH, J.    Plaintiff brought an action in the circuit court of Potter county to recover damages in the sum of $1,000 for alleged trespass upon land held and occupied by plaintiff. The complaint alleges that the lands trespassed upon were held and used by plaintiff for winter pasturage of his stock, and were inclosed by a fence; that the defendants at various times, by force and violence entered upon the said pasture, and took into and upon said pasture land certain sheep owned by them, and in their care, keeping, and possession, and allowed said sheep to graze down the grass growing thereon, and themselves herded the said sheep thereon from the latter part of July, 1919, to January, 1920, and that by reason thereof the pasturage was destroyed and rendered wholly unfit for the grazing of other stock, or for the purpose of cutting hay thereon.    Defendants pleaded a general denial, together with a further defense, alleging that the plaintiff's cause of action was barred by section 2921, R. C. 1919.

At the trial plaintiff offered evidence tending to prove the allegations of the complaint, and recovered a verdict of $100 damages.    Defendants appeal from the judgment and from an order denying a new trial.    It is conceded that plaintiff did not, before the commencement of the action, notify defendants of the injury from the alleged trespass or the probable amount of damages resulting therefrom, as required by section 2923, R. C. 1919, and would not be entitled to recover under the decision of this court in Burnett v. Myers, 42 S. D. 233, 173 N. W. 730, where it was held that the notice required by that section was a condition precedent to the recovery of damages thereunder.    However, in Richardson v. Halvorson, 44 S. D. 350, 184 N. W. 203, a case presenting precisely the same question involved in this case, this court held that the provisions of the statute referred to were intended to apply only to cases where live stock, while roaming at large, had gone upon the plaintiff's premises without the knowledge or intervention of the owner of such stock, and had no application where the owner brought his stock upon and had grazed and pastured them on plaintiff's land.    That case is absolutely controlling here, and the order and judgment of the trial court must be affirmed.

Note—Reported in 190 N. W. 887.    See American Key-Numbered Digest, Animals, Key-No. 100(1), 3 C. J. Sec. 457.