Note.—Reported in 205 N. W. 717. See, Headnote (1), American Key-Numbered Digest, Executors and Administrators, Key-No. 527(2), 24 C. J. Sec. 2539, Principal and Surety, Key-No. 192, 32 Cyc. 19; (2) and (3) Executors and Administrators, Key-No. 192, 537(6), 24 C. J. Sec. 2591; (4) Appeal and Error, Key-No. 843(2), 4 C. J. Sec. 2541; (5) Appeal and Error, Key-No. 880(3), 4 C. J. Sec. 2605; (6) Executors and Administrators, Key-No. 535, 24 C. J. Sec. 2589; (7) New Trial, Key-No. 102(5), 29 Cyc. 886.

---

BELAU, Appellant, v. BUSS, Respondent.

(205 N. W. 669.)

(File No. 5361.   Opinion filed October 28, 1925.)

1. **Animals—Trespass—Limitation of Actions—Action for Damages from Trespass of Bull on Inclosure Containing Cows Held Barred by Limitations; "Trespass of Animals."**

    Action for damages for production by plaintiff's Shorthorn cows of calves not entitled to registration, in consequence of trespass of defendant's Hereford bull on premises wherein such cows here inclosed, held an action for "trespass of animals," under Rev. Code 1919, Secs. 2922-2928, and section 2921, as amended by Laws 1919, c. 350, Sec. 1, and Laws 1921, c. 405, Sec. 1, and hence barred, where not brought within six months after such trespass.

2. **Statutes—Legislature—Legislative Interpretation of Statute by Amendment Not Binding on Supreme Court, but Worthy of Consideration in Construing It.**

    Legislative interpretation of Laws 1921, c. 405, Sec. 1, amending Rev. Code 1919, Sec. 2921, as amended by Laws 1919, c. 350, Sec. 1, extending time to sue for damages done by stallions, bulls, etc., from six months to one year, is not binding on Supreme Court, but worthy of consideration in construing law, as indicating that, as it stood before such amendment, it provided exclusive remedy for trespasses by such animals.

Appeal from Circuit Court, Faulk County; Hon. J. H. Bottum, Judge.

Action by Fred V. Belau against Hubert C. Buss. Judgment for defendant, and plaintiff appeals. Affirmed.

*Sterling, Clark & Grigsby,* of Redfield, for Appellant.

*W. J. Jacobs,* of Faulkton, for Respondent.

(1) To point one of the opinion, Appellant cited: Richardson v. Halvorson, 44 S. D. 350; Burleigh v. Jackson (Ia.), 99 N. W. 723.

(2) To point two, Appellant cited: Comeau v. Barnes, 190 N. W. 887; Fahrni v. Artz, 43 S. D. 188.

SHERWOOD, J Plaintiff, appellant here, alleged in his complaint:

That he was a farmer and stock raiser in Faulk county, and had at great labor and expense gathered together a herd of registered pure-bred Shorthorn cattle, and had in said herd a large number of pure-bred registered Shorthorn cows, and a pure-bred registered Shorthorn bull, kept for the purpose of raising pure-bred Shorthorn calves, eligible for registration, which would be of greater value than ordinary grade calves; that he had carefully segregated said pure-bred cows for the sole purpose of breeding them to his pure-bred registered bull, for the purpose of raising pure-bred Shorthorn calves therefrom.

That defendant had in his herd a Hereford or white-faced bull; that he carelessly and negligently so kept his fences that the bull was not restrained, and would and did break away from control, and on three separate occasions in May, June, and July, 1920, came to plaintiff's premises and mingled with his purebred Shorthorn cows, breaking into plaintiff's inclosure; that as soon as discovered plaintiff returned said animal to defendant, and advised defendant of the damage that would result to plaintiff if said bull was not kept away from plaintiff's premises during the breeding season; that, notwithstanding the warning and protest, defendant again negligently in the month of May and again in the month of June permitted said white-faced bull to remain in an insecure inclosure, and he again broke out and mingled with plaintiff's pure-bred Shorthorn cows; that plaintiff again returned said animal and warned defendant of the danger, but that said animal again broke out under like circumstances and mingled with plaintiff's pure-bred cows, and plaintiff was obliged to and did take said bull and

kept him in close inclosure, and sent word to defendant that he had said bull detained at his premises, and some time thereafter defendant came and took said animal away.

That said white-faced bull was so with plaintiff's cows during the breeding season that four of them became with calf by him and were afterwards delivered of white-faced calves, none of which were eligible to registry for pure breds and that one other high-grade Shorthorn cow of plaintiff's was got with calf by said bull; that plaintiff's pure-bred cows would have become with calf by his Shorthorn bull, had it not been for the trespass and presence of defendant's bull in his herd, and he would have received four full-blood Shorthorn calves eligible for registration and one high-grade Shorthorn calf, but for the trespass of defendant's bull, as aforesaid.

That pure-bred Shorthorn calves during the year 1921, when said cows were delivered of white-faced calves, could have been sold by plaintiff on the market for $75 each, but that the white-faced grade calves were not worth more than $25 each; that his high-grade Shorthorn cow would have produced a calf worth $50, whereas the white-faced calf was not worth to exceed $25, and that such prices for such pure-bred Shorthorns could have been obtained in the vicinity of plaintiff's farm during said year; that plaintiff expended time and labor in chasing defendant's bull away from his farm and keeping him from coming in contact with his pure-bred cows, and feed for keeping him, in the sum of $75, and asked judgment for the difference in value between the four pure-bred registered Shorthorn calves he would have had and the four grade calves he did receive, and between a Shorthorn calf raised from a grade cow and a Shorthorn bull and a calf of mixed Shorthorn and Hereford blood and for expense and time and labor in caring for defendant's bull, in all a total damage of $300.

To this complaint defendant interposed first, a general denial; second, a plea in mitigation of damages. At the trial on December 1, 1922, defendant asked leave to amend his answer by pleading "that this action was not instituted until the expiration of more than one year after the alleged trespass, and this court has no jurisdiction." This leave was granted over plaintiff's objection.

The court found the facts substantially as set forth in the

complaint; found that by reason of the trespass of defendant's bull on plaintiff's premises several of plaintiff's registered Shorthorn cows produced white-faced calves, which were not entitled to registration, and plaintiff was damaged in the sum of $100; "found that this action was not commenced until February 4, 1922, more than 18 months after said trespass, and was not commenced within 6 months after said trespass;" and further found that plaintiff brought this action under sections 2921 to 2928, R. C. 1919, entitled "Trespass of Animals," as amended by chapter 350, Session Laws of 1919, "and for the difference in value of pure-bred registered Shorthorn calves and mixed or grade calves," and the evidence shows that the plaintiff was damaged in the sum of $100 by reason of the aforesaid trespass and facts hereinbefore found.

As conclusions of law the court found that plaintiff's right of action is precluded by the provisions of sections 2921 to 2928, R. C. 1919, as amended by chapter 350, Laws of 1919, and that defendant is entitled to judgment for costs. From this judgment, plaintiff appeals.

[1] We have set forth the pleadings and findings of the court quite fully, because the crucial point in this case is whether or not it is an action in trespass brought under the statute hereinafter referred to ,and therefore must have been commenced within 6 months after the alleged trespass.

It is respondent's contention: (a) That this action was brought under sections 2921 to 2928, R. C. 1919, entitled "Trespass of Animals," as amended by chapter 350 of the Session Laws of 1919. (b) That as this trespass occurred in May or June, 1920, and this action was not brought until the 4th of February, 1922, 18 months after said trespass occurred, and section 2921, R. C., as amended, provides that the action must be brought in 6 months after the trespass, therefore, the action was brought too late. Respondent further contends that this action is governed by the rule laid down by this court in Burnett v. Myers, 42 S. D. 234, 173 N. W. 730, in which we held that the provisions of sections 2921 to 2928, as amended, were the exclusive remedy in actions brought for damages for trespass of animals.

It is appellant's contention: (a) That this action is not brought under the statute above referred to at all. (b) That no

damages contemplated by that statute are either pleaded or sought to be recovered in this action. (c) That this action was brought solely to recover damages for the difference in value between purebred Shorthorn calves and mixed-blood calves, caused by the negligence of respondent in not restraining and keeping his bull on his own premises.

It is clear from the foregoing statement that plaintiff sought to avoid the 6 months limitation in section 2921, R. C. 1919, as amended by chapter 350, Session Laws of 1919, in which actions for the trespass of animals are to be brought, and also to avoid the effect of our opinion in Burnett v. Myers, supra, by bringing this action under the old common-law form of trespass on the case, instead of the usual form of an action of trespass quare clausum fregit, as modified by our statute.

Section 2921, supra, as far as applicable to this case, provided in substance that—

"Any person * * * owning * * * any animal, * * * which shall trespass upon the land * * * belonging to any person other than the owner of such animal * * * shall be liable * * * for all damages sustained by reason of such trespassing to be recovered in a civil action," etc.

The statute then provides the form of the action which shall be brought. In other words, the statute provides that all damages sustained by reason of the trespass of animals shall be recovered in the civil action provided for in sections 2921 to 2928, inclusive, R. C. 1919.

There can be no doubt that, if defendant's bull had not trespassed upon plaintiff's land, he would not have mingled with nor bred the plaintiff's cows. Plaintiff's damage, then, was caused by reason of and as the direct result of this trespass. In fact, it is alleged in paragraph 4 of plaintiff's complaint that:

"If it had not been for the trespass and presence of defendant's white-faced bull in the herd, * * * plaintiff would have received four full-blooded Shorthorn calves, eligible to registration."

And it is found in the court's fifth finding of fact that

"This damage occurred by reason of the trespass of defendant's bull on plaintiff's premises."

We think it is too clear for argument or interpretation that our statute has provided an exclusive remedy, not only for all damages arising from trespass of animals, but such incidental damage as accrues by reason of such trespass. It is said in 2 Cyc. p. 80, § 4, subd. b:

"Where an animal is unlawfully in plaintiff's close, the action should be trespass quare clausum fregit, and the particular mischief, for example, the killing of another domestic animal"—here the breeding of plaintiff's cows—"should be alleged in aggravation of the trespass." Hagan v. Casey, 30 Wis. 553.

This view is favored by this court in Houska v. Hrabe, 35 S. D. 269, 151 N. W. 1021, L. R. A. 1915D, 1074.

[2] This view is also strengthened by the fact that by chapter 405, Laws of 1921, the Legislature added to section 2921, supra, the following:

"Provided that in case of damages done by the following animals, to wit: Stallions over the age of 18 months, bulls over the age of 10 months, rams or boars over the age of 8 months, said action for damages may be brought within one year after the infliction of such injury."

This indicates, at least, that the Legislature of 1921 felt that an important class of damages had not been provided for in section 2921, supra. While this legislative interpretation is not binding upon this court, it is worthy of consideration in construing the law.

It is clear that the law, as it stood when this damage occurred did not provide any adequate remedy for damages of this character, in that the time limit for bringing the action of damages was too short to permit the party injured to know whether he was injured or not, until after the time to bring action had expired. It also is clear that the statute provided but one remedy for the recovery of "all damages sustained by reason of such trespassing" by animals, and, that remedy being exclusive (Burnett v. Myers, supra), it follows that the judgment of the trial court must be affirmed.

Note.—Reported in 205 N. W. 669. See, Headnote (1), American Key-Numbered Digest, Animals, Key-No. 100(2¼), 3 C. J. Sec. 348; (2) Statutes, Key-No. 220, 36 Cyc. 1142, 1143.