WATTS, Respondent, v. BOYNTON, Appellant.

(226 N. W. 765.)

(File No. 6895.    Opinion filed September 20, 1929.)

*Hans Hanson,* of Vienna, for Appellant.
*L. C. Van Ornum,* of Conde, for Respondent.

BROWN, J.   In March, 1927, a horse about 18 years old and of the value of about $15, belonging to plaintiff, strayed away and was taken up by defendant while trespassing on defendant's premises.   Defendant notified plaintiff of having taken him up, and the plaintiff demanded the return of the horse from defendant's wife, but did not make a personal demand upon defendant.   About a year later plaintiff made demand on defendant for the horse, and on refusal of defendant to give him up plaintiff commenced an action in justice court to recover possession of the horse.   From a judgment in her favor the defendant appealed to the circuit court, which found that defendant was not entitled to any damages because he had not brought action within three months from the time of the trespass, and that plaintiff was entitled to the possession of the horse or the sum of $15, the value thereof, in case a delivery could not be had, and from a judgment in accordance with the decision defendant appeals.

In Burnett v. Myers, 42 S. D. 233, 173 N. W. 730, we held that the provisions of chapter 244 of the Laws of 1907 provided the only remedy in this state for trespass by domestic animals, that such remedy was exclusive of any other, and this decision was followed in Belau v. Buss, 48 S. D. 595, 205 N. W. 669.   The provisions of chapter 244 of the Laws of 1907 are carried into the Revised Code of 1919 as sections 2921-2928, inclusive.   Appellant concedes that he could maintain no action for damages because not brought within the three months' limitation provided in section 2921 as amended by chapter 405 of the Laws of 1921, but he contends that section 2924, providing that the person suffering injury

as mentioned in section 2921 may retain the offending animal until the damages and costs are paid or until good and sufficient security be given therefor, gives an independent remedy, and insists that the three months' limitation does not apply to, or limit, his right to retain possession of the trespassing animal. He takes the position that if the damages are not paid or security given, he may retain possession of the trespassing animal, at least until the statute of limitations governing the foreclosure of a chattel mortgage has run. Appellant says that his contention is borne out by the language of the various sections relating to the trespass of animals; that section 2921 reads, "except as in this chapter otherwise provided," the person sustaining damage by a trespassing animal may recover such damage in a civil action, provided he bring the action in the proper court, within three months after the infliction of the injury, and that section 2924, providing that he may retain the offending animal until the damages and costs are paid or until security be given, is the exception contemplated in the opening words of section 2921; that section 2924 is a complete and independent remedy from that provided in sections 2921-2923 relating to the bringing of an action. In this we think he is mistaken.

Chapter 244 of the Laws of 1907 contains three sections which provide in substance that the act should not apply to any portion of the state west of the Missouri river until it should be adopted by a majority vote of any county in that portion of the state, whereupon it should be applicable to such county, and it was evidently to this provision of the act that the exception in the opening words of the first section of the chapter referred. The provision that the act should not apply to territory west of the Missouri river was repealed in 1911 (Laws 1911, c. 254), and the provisions of chapter 244, Laws of 1907, were carried into the revision of 1919 substantially as the chapter then stood, with the repealed sections left out.

A consideration of the whole chapter relating to the trespass of animals satisfies us that the provision for retaining the animals until the damages are paid gives no independent remedy, but is only intended to provide that the person suffering injury may retain the offending animals as security until the damages or costs are paid voluntarily or paid in pursuance of a judgment obtained in an action brought within the three months provided in section 2921.

We think the trial court correctly construed the law, and the judgment appealed from should be, and is, affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.