Rudolph JANISH, Plaintiff
and Appellant,

v.

William MURTHA, Defendant
and Respondent.

No. 12573.

Supreme Court of South Dakota.

Submitted on Briefs Oct. 12, 1979.

Decided Nov. 28, 1979.

R. R. Gerlach, Salem, for plaintiff and appellant.

John C. Quaintance and Reed A. Rasmussen, Legal Intern, Sioux Falls, for defendant and respondent.

DUNN, Justice.

Plaintiff brought suit in the First Judicial Circuit Court of South Dakota on trespass and negligence causes of action. The matter was submitted to the trial court upon stipulation and briefs of counsel. Plaintiff appeals from the dismissal of both counts of his complaint. We affirm.

Plaintiff owned and operated a farm in Hutchinson County, South Dakota. His primary business was farrowing sows and selling feeder pigs for profit. He alleges, and it is apparently conceded by defendant for purposes of this lawsuit, that one of defendant's boars entered plaintiff's property on September 27, 1975, and infected his swine with two diseases—atrophic rhinitis and mange. Plaintiff claims he had to replace certain sows, gilts and boars and had to nurse and medicate the remainder.

The trespass occurred in September of 1975, and the action was not brought until October of 1977—some two years after the trespass. The trial court dismissed on the basis of the statute of limitation set out in SDCL 40–28–20, which reads as follows:

The person claiming damages under the provisions of this chapter shall bring action in the proper court within three months after the infliction of such injury, except that in case of damages done by the following animals, to wit: stallions over the age of eighteen months, bulls over the age of ten months, rams or boars over the age of eight months, said action for damages may be brought within one year after the infliction of such injury.

Plaintiff argues that the provisions of SDCL 40–28 are merely cumulative, not exclusive, and thus his negligence cause of action is not barred by the limitation of SDCL 40–28–20. On several occasions, however, we have stated the statutory remedy is exclusive. *Watts v. Boynton,* 55 S.D. 569, 226 N.W. 765 (1929); *Belau v. Buss,* 48 S.D. 595, 205 N.W. 669 (1925); *Burnett v. Myers,* 42 S.D. 233, 173 N.W. 730 (1919); *Halverson v. Glass,* 36 S.D. 225, 154 N.W. 444 (1915); and *Callan v. Sether,* 31 S.D. 80, 139 N.W. 786 (1913). In *Belau,* we find this definitive statement: "We think it is too clear for argument or interpretation that our statute has provided an exclusive remedy, not only for all damages arising from trespass of animals, but such incidental damage as accrues by reason of such trespass." 48 S.D. at 600, 205 N.W. at 670, 671.

It is significant that the damages in *Belau* resulted from unwanted impregnation, which necessitates a period of time to ascertain, just as in the present case a period of time is necessary to determine disease. In *Belau,* plaintiff claimed the damage was the indirect result of the trespass, but we stated that a theory of trespass on the case was of no avail because "if defendant's bull had not trespassed upon plaintiff's land, he would not have mingled with nor bred the plaintiff's cows. Plaintiff's damage, then, was caused by reason of and as the direct result of this trespass." 48 S.D. at 599, 205 N.W. at 670.

Finally, plaintiff's argument that SDCL 40–28–20 is unconstitutional as violative of equal protection is unfounded. There is no allegation that a fundamental right or suspect classification is involved here. Hence, we apply the "rational basis" test. *Massachusetts Bd. of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). In *City of Aberdeen v. Meidinger,* 89 S.D. 412, 233 N.W.2d 331 (1975), we enunciated a two-pronged test regarding equal protection: (1) does the statute set up an arbitrary classification among various persons subject to it? and (2) is there a rational relationship between the classification and some legitimate legislative purpose?

The first prong is clearly satisfied here. All people, whatever their situation, are bound by the statutory time limit. The second prong is also satisfied. The purpose of the limitation was obviously to prevent the adjudication of stale claims after the evidence had been taken to market. " '[T]he courts will not inquire into the wisdom of * * * the legislature in fixing the period of legal bar, unless the time allowed is manifestly so short as to amount to a practical denial of justice.' " *Wichelman v. Messner,* 250 Minn. 88, 83 N.W.2d 800, 817 (1957). There was no denial of justice here.

The order of the trial court is affirmed.

All the Justices concur.