Francis RODEN,

v.

Herman SOLEM,

Nos. 15655, 15674.

Supreme Court of South Dakota.

Considered on Briefs May 22, 1987.

Decided Sept. 2, 1987.

Richard Braithwaite, Sioux Falls, for petitioner and appellant.

Frank Geaghan, Asst. Atty. Gen., Pierre, for respondent and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

HENDERSON, Justice.

Francis Roden appeals from an order of the trial court denying his petition for habeas corpus relief. We affirm.

## PROCEDURAL BACKGROUND

Roden was convicted of second degree rape and sentenced to eight years in the South Dakota State Penitentiary. Pursuant to SDCL 24-15-5, the Board of Pardons and Paroles classified Roden as a third-time offender and ruled that he would not be eligible for parole until he had served three-fourths of his eight year sentence. SDCL 24-15-5 states:

> A person is eligible for parole, subject to § 24-15-4:
>
> (1) If convicted of a felony for the first time, when he has served one-fourth of the time for which he was sentenced;
>
> (2) If convicted of a felony for the second time, when he has served one-half of the time for which he was sentenced; or
>
> (3) If convicted of a felony three or more times, when he has served three-fourths of the time for which he was sentenced.

Roden subsequently filed a petition for writ of habeas corpus, alleging that SDCL 24-15-5 is unconstitutional and that one of his prior convictions was for a misdemeanor and could not be taken into account in establishing his parole eligibility date. The trial court agreed that Roden should be considered only a two-time offender; however, the court rejected Roden's constitutional claims and entered an order quashing the writ. Roden's two-time offender status is not an issue in this appeal.

## ISSUE

On appeal, Roden argues that SDCL 24-15-5 violates the equal protection provisions of the state and federal constitutions since a second offender seeking parole is treated differently than a second offender facing sentencing.

## RODEN'S CLAIMS

According to Roden, a trial court has a certain amount of discretion when sentenc-

ing a habitual criminal, while under SDCL 24-15-5 the Board of Pardons and Paroles has no discretion in setting dates for parole eligibility. Roden maintains that there is no arguable distinction between a second offender seeking parole and one being faced with sentencing, and, therefore, they must be treated the same. We disagree.

## DECISION

 The equal protection clauses require that every person's rights be governed by the same rule of law *under similar circumstances.* State v. Secrest, 331 N.W.2d 580 (S.D.1983), *appeal dismissed,* 464 U.S. 802, 104 S.Ct. 47, 78 L.Ed.2d 68 (1983); U.S.Const. amend. XIV; S.D.Const. art. VI, § 18. A second offender facing sentencing is clearly not in the same situation as one seeking parole. The purpose of the habitual criminal statutes is to punish a defendant for his persistence in crime. 39 Am. Jur.2d Habitual Criminals § 2. The object of the parole laws is rehabilitation rather than punishment. 67A C.J.S. Pardon and Parole § 40; SDCL 24-15-8(1). Sentencing is a judicial act, while parole is a function of an appointed board administered under the direction of the Board of Charities and Corrections. SDCL 24-13-3. It is the parole board's duty to evaluate the inmate's conduct and rehabilitative progress in deciding his eligibility for parole consideration. This is a totally different criteria of thought process than that which confronts a sentencing judge.

Since parole and sentencing are very different circumstances, the parties involved in the respective proceedings need not be governed by the same rule of law. Consequently, complete equal protection analysis is not required to dispose of Roden's claim. *See Janish v. Murtha,* 285 N.W.2d 708 (S.D.1979). We conclude that Roden's equal protection rights have not been violated.

The order of the trial court is affirmed.

MORGAN, SABERS, and MILLER, JJ., concur.

WUEST, C.J., concurs specially.

WUEST, Chief Justice (concurring specially).

I concur, but write to strengthen the majority opinion by pointing out that sentencing is a judicial function, whereas parole is an executive function operating as a check on the judiciary. We are a government of checks and balances with the separation of powers among the executive, legislative, and judiciary.