1998 SD 127

**MINNESOTA CRANE CORPORATION,**
**Appellant.**

**v.**

**SOUTH DAKOTA DEPARTMENT**
**OF REVENUE, Appellee.**

No. 20432.

Supreme Court of South Dakota.

Argued Dec. 3, 1998.

Decided Dec. 23, 1998.

Darla Pollman Rogers of Meyer and Rogers, Pierre, for appellant.

Harvey M. Crow, Jr., South Dakota Department of Revenue, Rapid City, for appellee.

MILLER, Chief Justice.

[¶ 1.] Minnesota Crane, through its Minnesota counsel, requested a hearing with the South Dakota Department of Revenue. Department dismissed the request and Minnesota Crane appealed to the circuit court. The circuit court dismissed the appeal. We reverse and remand.

## FACTS

[¶ 2.] In late 1995, Minnesota Crane, a Minnesota Corporation, made plans to open a

South Dakota office. It contacted the South Dakota Department of Revenue in late 1995 to obtain a tax license for work which would begin in 1996. In July 1996, Department determined that Minnesota Crane owed sales, use, and excise taxes in South Dakota from business it previously transacted in the state. On July 9, Department notified Minnesota Crane that it intended to perform a sales, excise, and use tax audit of its books and records. The audit, which was to cover the periods from January 1985 through June 1996, was to commence on August 21. Minnesota Crane informed Department that it believed the audit was unnecessary and directed Department to contact its Minnesota counsel, Jack Strothman and Ann Novacheck of Lindquist & Vennum, P.L.L.P.

[¶ 3.] On August 23, 1996, Minnesota Crane agreed to a limited audit, covering the period from 1994 to June 1996. The audit commenced on September 25. On March 28, 1997, Department issued a certificate of assessment against Minnesota Crane for a total assessed amount of $72,020.53, which included sales and excise tax, penalties, and interest. The certificate stated that, pursuant to SDCL 10–59–9, Minnesota Crane had thirty days from the date of issuance of the certificate to request a hearing.

[¶ 4.] By letter, written and signed by Strothman on April 10, 1997, Minnesota Crane requested a hearing. On June 9, 1997, the Secretary of Revenue, believing it did not have jurisdiction, dismissed the request for hearing, concluding that only a licensed South Dakota attorney could represent a corporation in a quasi-judicial proceeding, and that the letter dated April 10, 1997, "did not constitute a written request for a hearing under SDCL 10–59–9."

[¶ 5.] On June 18, 1997, Minnesota Crane requested that the Secretary reevaluate the decision. When the Secretary refused to rescind the order, Minnesota Crane appealed to the circuit court.

[¶ 6.] On December 24, 1997, the circuit court dismissed Minnesota Crane's appeal. The court found (1) that a request for a

hearing constitutes an appearance and the practice of law; (2) that Strothman engaged in the unauthorized practice of law; (3) that neither the Secretary of Revenue nor the circuit court had jurisdiction to hear Minnesota Crane's appeal; and (4) that the request for hearing was a nullity, void and of no effect.

[¶ 7.] On appeal, Minnesota Crane raises three issues. Because the first issue is dispositive, we do not reach the other issues presented.

## ISSUE

[¶ 8.] **Whether the April 10, 1997, letter received by the Department of Revenue was a valid request for a hearing.**

## STANDARD OF REVIEW

[¶ 9.] Our review of administrative appeals is well settled. " 'When the issue is a question of law, the decisions of the administrative agency and the circuit court are fully reviewable. When the issue is a question of fact, we ascertain whether the administrative agency was clearly erroneous.' " *Moose Lodge v. Pennington County*, 1997 SD 80, ¶ 5, 566 N.W.2d 132, 133–34 (quoting *Permann v. Department of Labor, Unemployment Ins. Div.*, 411 N.W.2d 113, 116 (S.D.1987) (citations omitted)); *see* SDCL 1–26–36. This appeal requires an interpretation of law.

## DECISION

[¶ 10.] Printed near the bottom of the March 28, 1997, certificate of assessment that Department issued to Minnesota Crane were the following statements:

You have thirty days from the date of this certificate to request a hearing pursuant to SDCL 10–59. A request for hearing must be submitted in writing to the Secretary of Revenue, and contain a statement indicating the portion of the assessment being contested and the mistake of fact or error of law you believe resulted in an invalid assessment.*

---

\* Minnesota Crane provided this Court with a blank Certificate of Assessment from Department of Revenue that appears to be nearly identical to the

[¶ 11.] On April 10, 1998, in response to this notice, Strothman sent a letter to Department, indicating he was writing on behalf of his client Minnesota Crane. The letter stated that Minnesota Crane was requesting a hearing pursuant to SDCL ch 10–59, and that the entire assessment was being contested. The letter indicated that Minnesota Crane's correspondence of January 2, 1997, and Strothman's letter of February 21, 1997, were incorporated by reference, and contained the statements of error. Minnesota Crane claims this letter served as a valid request for a hearing, as required by SDCL 10–59–9. It specifically claims that, because the statute does not require that the request for hearing be signed, the fact that Strothman signed the request is irrelevant. We agree.

▮ [¶ 12.] SDCL 10–59–9 provides, in pertinent part:

> Any taxpayer against whom a certificate of assessment is issued may request a hearing before the secretary if the taxpayer believes that the assessment is based upon a mistake of fact or an error of law. A request for hearing shall be made in writing within thirty days from the date of the certificate of assessment and shall contain a statement indicating the portion of the assessment being contested and the mistake of fact or error of law the taxpayer believes resulted in an invalid assessment.

[¶ 13.] When determining whether a request for hearing requires the taxpayer's signature, we must look to the language of SDCL 10–59–9 to "discover the true intention of the law." *See Dahn v. Trownsell*, 1998 SD 36, ¶ 14, 576 N.W.2d 535, 539 (citing *Moss v. Guttormson*, 1996 SD 76, ¶ 10, 551 N.W.2d 14, 17 (citations omitted)). The true intention is determined "from what the legislature said . . . and the court must confine itself to the language used." *Id.* "When the language

in the statute is clear, certain and unambiguous, . . . the Court's only function is to declare the meaning of the statute as clearly expressed." *Id.*

[¶ 14.] We find the language of SDCL 10–59–9 to be clear and unambiguous. It clearly sets forth the requirements of a taxpayer's hearing request. The request must be in writing; it must be made within thirty days from the date of the assessment; and it must state which part of the assessment is being contested and the errors of law or mistakes of fact that make the assessment invalid. It does not require that the request be signed by the taxpayer, or anyone else.

[¶ 15.] We conclude, therefore, that the April 10, 1997, letter sent by Strothman to Department was a valid hearing request. It named the taxpayer and the portion of the assessment that was contested. It also set forth, through its correspondence incorporated by reference, the mistakes of fact and errors of law that Minnesota Crane believed resulted in an invalid assessment. Thus, it met the requirements of SDCL 10–59–9. The absence of the taxpayer's signature or the presence of Strothman's signature did not effect the request's validity.

[¶ 16.] Considering the foregoing holding, we do not reach Minnesota Crane's argument that Department is estopped from challenging the validity of the request for hearing or its assertion that its counsel did not engage in the unauthorized practice of law in submitting the letter request for hearing.

[¶ 17.] Reversed and remanded.

[¶ 18.] SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.

---

March 28, 1997, certificate issued to Minnesota Crane. However, the blank form, which Minnesota Crane alleges to be the form now issued by Department, contains additional language. In addition to the above-quoted language, the blank form includes the following statement: "[a] request for hearing submitted on behalf of a corporation must be filed by an attorney admitted to practice law in South Dakota."

Minnesota Crane also provided a sales tax fact sheet, which Department issued in May 1998. The tax fact sheet also includes the language that "[a] request for hearing by a corporation is required to be filed by an attorney licensed to practice law in South Dakota." Minnesota Crane claims this language was added subsequent to its receiving the certificate of assessment.