2001 SD 17

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**John Steven LORENZ, Defendant and Appellant.**

**No. 21422.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 8, 2001.

Decided Feb. 14, 2001.

Mark Barnett, Attorney General, Craig M. Eichstadt, Deputy Attorney General, Pierre, for plaintiff and appellee.

William A. Moore, Scotland, for defendant and appellant.

AMUNDSON, Justice

[¶ 1.] John Lorenz (Lorenz) was convicted of possession of more than ten pounds of marijuana, in violation of SDCL 22–42–6. We affirm.

## FACTS

[¶ 2.] On two occasions in the summer of 1999, Gayle Lorenz went to visit her estranged husband at his residence. During her visits she observed marijuana growing outside the residence and on another occasion she observed dried marijuana in a clothesbasket in a closet. She reported her findings to the local Sheriff and a Department of Criminal Investigation agent. Based on what Lorenz's wife had told authorities, law enforcement traveled to Lorenz's residence and made observations from the road. From the vehicle, law enforcement could observe numerous marijuana plants growing along Lorenz's residence. Law enforcement took photographs of the marijuana plants from the roadside.

[¶ 3.] With the information it had gathered, law enforcement was able to obtain a search warrant, which was executed on September 1, 1999. In executing the search warrant, law enforcement again observed numerous areas where marijuana was growing. The marijuana was removed from each location and transported back to the Sheriff's office. The Sheriff weighed the bundles of marijuana, which weighed 24 pounds and 15 ounces. Lorenz was convicted of possession of over ten pounds of marijuana in violation of SDCL 22–42–6. Lorenz appeals raising the following issues:

1) Whether the trial court properly denied Lorenz's motion to suppress;

2) Whether the evidence was sufficient to convict Lorenz of possession of more than ten pounds of marijuana;

3) Whether the trial court abused its discretion regarding several evidentiary rulings.

## STANDARD OF REVIEW

[¶ 4.] As a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal. Having said this, we hasten to point out that a reviewing court should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.

*State v. Hirning*, 1999 SD 53, ¶ 9, 592 N.W.2d 600 (citing *Ornelas v. United States*, 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996)). While we generally review a motion to suppress on an abuse of discretion standard, we will review the requisite legal standard of probable cause de novo because of its constitutional implication. *State v. Stanga*, 2000 SD 129, 617 N.W.2d 486.

## ISSUE 1

[¶ 5.] **Whether the trial court properly denied Lorenz's motion to suppress.**

[¶ 6.] Lorenz argues that statements made by Lorenz's estranged wife cannot be used to support a probable cause determination because of the marital privilege. Lorenz contends that if it were not for her divulgence of Lorenz's activities there was insufficient evidence of probable cause. This argument is flawed on many bases.

[¶ 7.] First, Lorenz cited no authority to support his argument. "The failure to cite supporting authority is a viola-

tion of SDCL 15–26A–60(6) and the issue is thereby deemed waived." *State v. Pellegrino*, 1998 SD 39, ¶ 22, 577 N.W.2d 590, 599. Thus, it is considered waived.

■ [¶ 8.] Second, the marital privilege is inapplicable as the privilege only covers communication, not observations. *State v. Hart*, 391 N.W.2d 677 (S.D.1986). "Thus, the marital communications privilege 'does not extend to all observations of the acts of one spouse by the other.'" *Id.* at 679 (citing *State v. Newman*, 235 Kan. 29, 43, 680 P.2d 257, 266 (1984)). Here, law enforcement acted upon what Gayle Lorenz observed at the residence. The record does not indicate, nor does Lorenz argue, that Gayle told law enforcement what he had said concerning the marijuana. The marital privilege is inapplicable to the determination of probable cause.

■ [¶ 9.] Third, law enforcement had an alternative basis for the finding of probable cause. Law enforcement observed and photographed the marijuana plants growing, in plain view, outside Lorenz's residence. *See State v. Lodermeier*, 481 N.W.2d 614, 623 (S.D.1992) (positing that items found in plain view is not a search for Fourth Amendment purposes). What law enforcement had observed on their own was sufficient to support the search warrant. Those items found in plain view of an officer, rightfully there, is not a search and does not implicate the Fourth Amendment. Because the police observed the marijuana from a public road, those observations form a legal basis of probable cause.

### ISSUE 2

[¶ 10.] **Whether the evidence was sufficient to convict Lorenz of possession of more than ten pounds of marijuana.**

■ [¶ 11.] Lorenz argues that the weight of the marijuana seized did not exceed ten pounds as required under SDCL 22–42–6.[1] Lorenz argues based on testimony provided by the State chemist, the actual amount of marijuana was really 4 pounds, 5.76 ounces, excluding what is considered "ditch" weed. Based on that testimony, Lorenz contends he cannot, as a matter of law, be convicted of possession of more than ten pounds of marijuana under SDCL 22–42–6.

■ [¶ 12.] Lorenz contends that an ambiguity exists in the statute defining marijuana, and he also relies upon *Hill v. Commonwealth*, 17 Va.App. 480, 438 S.E.2d 296 (1993) to lend meaning to South Dakota's definition of what constitutes marijuana. SDCL 22–42–1(7) defines " 'Marijuana,' all parts of any plant of the genus cannabis, whether growing or not, in its natural or unaltered state, except for drying or curing or crushing or crumbling[.]" When interpreting statutes, we have often stated:

> [Q]uestions of law such as statutory interpretation are reviewed by the Court de novo.... The purpose of statutory construction is to discover the true intention of the law, which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the legislature said, rather than what the court thinks it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no

---

1. SDCL 22–42–6 provides:

   No person may knowingly possess marijuana. It is a Class 1 misdemeanor to possess two ounces of marijuana or less. It is a Class 6 felony to possess more than two ounces of marijuana but less than one-half pound of marijuana. It is a Class 5 felony to possess one-half pound but less than one pound of marijuana. It is a Class 4 felony to possess one to ten pounds of marijuana. It is a Class 3 felony to possess more than ten pounds of marijuana. A civil penalty may be imposed, in addition to any criminal penalty, upon a conviction of a violation of this section not to exceed ten thousand dollars.

reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed. Since statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject.

*Dahn v. Trownsell*, 1998 SD 36, ¶ 14, 576 N.W.2d 535, 539 (quoting *Moss v. Guttormson*, 1996 SD 76, ¶ 10, 551 N.W.2d 14, 17 (citation omitted)). As defined in the statute, "*all* parts of any plant of the genus cannabis" is considered marijuana. When a legislative enactment is clear and unambiguous, this Court's only duty is to read and give effect to that enactment. *Zoss v. Schaefers*, 1999 SD 105, ¶ 6, 598 N.W.2d 550, 552. Because of this clear and unambiguous language, this Court does not have to look to outside authority to give meaning to this statute. Likewise, we do not find the Virginia decision argued by Lorenz to be of assistance in interpreting what constitutes marijuana in this jurisdiction.[2]

[¶ 13.] Moreover, SDCL 22-42-1(7) does not differentiate between cultivated marijuana and what is loosely termed as "ditch" weed. Both are considered genus cannabis; thus the lower weight offered by the State chemist is clearly erroneous. *See State v. Johnson*, 509 N.W.2d 681 (S.D.1993) (concluding that all portions of the plant is considered marijuana). Therefore, the higher weight given by the sheriff of 24 pounds and 15 ounces more accurately describes the weight of the marijuana, consistent with the statutory definition. Thus, there was sufficient evidence to con-

vict Lorenz of possession of more than ten pounds of marijuana.

[¶ 14.] We have considered the final issue by Lorenz and find it without merit.

[¶ 15.] Affirmed.

[¶ 16.] MILLER, C.J., and SABERS, KONENKAMP, and GILBERTSON, JJ., concur.

---

2. Lorenz's reliance on the *Hill* case is misplaced because the *Hill* court was interpreting Virginia's statutory definition of marijuana, § 54.1-340, where marijuana is defined as:

> any part of a plant of the genus Cannabis whether growing or not, its seeds or resin; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or its resin. Marijuana shall not include any oily extract containing one or more cannabinoids unless such ex-

tract contains less than twelve percent of tetrahydrocannabinol by weight, nor shall marijuana include the mature stalks of such plant, fiber produced from such stalk, oil or cake made from the seeds of such plant, unless such stalks, fiber, oil or cake is combined with other parts of plants of the genus Cannabis.

Even a cursory reading of our statute and that of Virginia's clearly show that the two statutes are incomparable.