630 N.W.2d 492 (2001)
The PEOPLE of the State of South Dakota in the Interest of K.D., Minor Child,
And Concerning Rosebud Sioux Tribe, Intervenor and Appellee.
Nos. 21715, 21726.
Supreme Court of South Dakota.
Considered on Briefs May 29, 2001.
Decided June 20, 2001.
Jean M. Cline of Brown, Feehan & Cline, Rapid City, SD, Attorneys for appellant child.
*493 Wendy T. McGowan, Deputy Pennington County State's Attorney, Rapid City, SD, Attorney for appellant state.
Terry Pechota of Viken, Viken, Pechota, Leach & Dewell, Rapid City, SD, Attorneys for appellee intervenor Rosebud Sioux Tribe.
AMUNDSON, Justice
[¶ 1.] The State of South Dakota filed a petition to have K.D.'s parents, F.D. and B.U., parental rights terminated. The Rosebud Sioux Tribe (Tribe) filed a motion to transfer the proceedings from state court to tribal court. After K.D.'s parents had their rights terminated, the trial court granted Tribe's motion. We reverse.

FACTS
[¶ 2.] On October 9, 1998, the state court granted the State's petition for temporary custody of K.D. On November 9, 1998, the State filed an abuse and neglect petition raising specific allegations against the biological parents, F.D. and B.U.[1] Tribe timely filed a motion to intervene with the court on March 30, 1999. The court granted Tribe's motion to intervene. On June 23, 1999, Tribe filed its initial motion to transfer jurisdiction and dismiss.
[¶ 3.] On July 13, 1999, B.U. filed an objection to transfer pursuant to 25 U.S.C. 1911(b) of the Indian Child Welfare Act (ICWA). On July 14, 1999, the court entered its order denying Tribe's motion to transfer based on B.U.'s objection. The court terminated F.D.'s parental rights on August 27, 1999. B.U.'s parental rights were terminated on June 19, 2000. The court also ordered K.D. to be temporarily placed under the supervision of the Department of Social Services, pending final disposition.
[¶ 4.] Tribe renewed its motion to transfer the proceedings to tribal court on September 11, 2000. The motion was argued before the court on September 18, 2000. The trial court granted the motion on September 28, 2000. K.D., through her guardian ad litem, and the State, appeal, raising the following issues:
1) Whether there was a child custody proceeding pending before the trial court which would give the court jurisdiction to permit Tribe to initiate a motion to transfer.
2) Whether the trial court erred in concluding that it could transfer to tribal court when B.U. objected to the transfer.

STANDARD OF REVIEW
[¶ 5.] A trial court's findings of fact cannot be set aside unless they are clearly erroneous and, after all the evidence, this Court is left with a definite and firm conviction that a mistake has been made. People in the Interest of J.J., 454 N.W.2d 317, 321 (S.D.1990); Matter of A.L., 442 N.W.2d 233, 234 (S.D.1989). "A trial court's conclusion of law may be reviewed and set aside only when the trial court erred as a matter of law." Matter of A.L. at 235. We also review a trial court's interpretation of statutes without deference to that court. Satellite Cable Serv. v. Northern Elec. Coop., Inc., 1998 SD 67, ¶ 5, 581 N.W.2d 478, 480. Therefore, we review the application of ICWA to the facts of this case de novo.

ISSUE
Whether the trial court erred in concluding that it could transfer to tribal court when B.U. objected to the transfer.
*494 [¶ 6.] We will address the second issue raised by K.D. first as we find it dispositive. As stated above, B.U. filed an objection with the trial court to prevent transfer to the tribal court. The court initially denied Tribe's motion to transfer because of B.U.'s objection. After B.U.'s parental rights were terminated, however, Tribe renewed its motion to transfer, which the court then granted.
[¶ 7.] The plain language of 25 U.S.C. 1911(b) makes it clear that a parent's objection to transfer prevents such transfer. According to 25 U.S.C. 1911(b), "the court... shall transfer such proceeding to the jurisdiction of the tribe, absent objection by either parent[.]" The statute contains no limiting language, nor are there any latter enacted exceptions to a parent's right to object. The rules of statutory interpretation adopted by this Court state:
The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed.
Dahn v. Trownsell, 1998 SD 36, ¶ 14, 576 N.W.2d 535, 539 (citing Moss v. Guttormson, 1996 SD 76, ¶ 10, 551 N.W.2d 14, 17 (citations omitted)). Thus, this Court is bound by the plain and ordinary meaning of the language employed in 25 U.S.C. 1911(b).
[¶ 8.] In addition, this Court has also stated that a parent's objection made pursuant to 25 U.S.C. 1191(b) is absolute. See Matter of S.Z., 325 N.W.2d 53 (S.D.1982). InMatter of S.Z., this Court stated:
It is important to note that this is not the case of Indian children who are domiciled or residing on an Indian Reservation and as a result are subject to the exclusive jurisdiction of the tribal court. 25 U.S.C. § 1911(a). Rather, the action comes within 25 U.S.C. § 1911(b) which provides for the jurisdiction of the original proceeding to be in the state court.... This statute provides that objection by either parent will keep jurisdiction in the state court.
325 N.W.2d at 56. The Indian Child Welfare Act gives either parent the absolute right to object to a transfer and keep the case in state court. The mere fact that the parental rights were subsequently terminated in no way affects a parent's objection to transfer. See Matter of S.Z., supra.
[¶ 9.] It is important to note that B.U.'s objection was not challenged as being defective or improperly procured. There is no evidence that B.U.'s objection was not knowingly or involuntary given. Nor is it disputed that B.U. had changed her mind and withdrew her objection. Therefore, the trial court erred when it granted Tribe its renewed motion to transfer despite B.U.'s proper objection pursuant to 25 U.S.C. 1191(b). There is no authority for the proposition that termination erases from the record a timely objection by a parent cited to appear in the proceeding.
[¶ 10.] We reverse and remand for the entry of an order consistent with this decision.[2]
*495 [¶ 11.] MILLER, Chief Justice, and SABERS, KONENKAMP, and GILBERTSON, Justices, concur.
NOTES
[1] F.D., K.D.'s father, is currently incarcerated for convictions of incest and pedophilia stemming from his treatment of K.D. F.D. is not part of this appeal.
[2] The issue before the Court is not the ultimate placement of K.D. Rather, it is whether a state court can transfer a matter to tribal court after the termination of the parental rights and despite a parent's objection to such transfer. Our decision today, however, does not prevent Tribe from being part of any proceeding in state court. See 25 U.S.C. 1911(c). Tribe may advocate its position, and the state court must follow the strictures of ICWA when determining the final placement of K.D. See 25 U.S.C.1915. Our decision today merely requires a state circuit court to follow ICWA and all pertaining sections.