#26061-a-DG

**2012 S.D. 8**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

ROBERT CLARENCE DAHL,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE FIFTH JUDICIAL CIRCUIT
BROWN COUNTY, SOUTH DAKOTA

* * * *

HONORABLE SCOTT P. MYREN
Judge

* * * *

MARTY J. JACKLEY
Attorney General

FRANK GEAGHAN
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
                        and appellee.


RICHARD A. SOMMERS
JUSTIN M. SCOTT of
Bantz, Gosch & Cremer, LLC
Aberdeen, South Dakota                    Attorneys for defendant
                        and appellant.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 14, 2011

OPINION FILED  **02/01/12**

#26061

GILBERTSON, Chief Justice

[¶1.] Robert Dahl appeals his conviction for third-offense DUI, arguing that the circuit court erred in denying his motion to suppress evidence obtained from the stop of his vehicle because the stop lacked reasonable suspicion. The arresting officer initiated the investigatory stop to determine whether Dahl violated the statute requiring a vehicle executing a right turn to be driven as closely as practicable to the right-hand curb. Because the arresting officer's interpretation of the relevant statute was reasonable, we affirm.

*Facts and Procedural Background*

[¶2.] At approximately 10:49 p.m., on the evening of May 14, 2010, Aberdeen police officer Jeffrey Koval was driving east near the 100 block of Southeast Sixth Avenue in Aberdeen. Officer Koval observed a red SUV make a wide right-hand turn from a parking lot onto Sixth Avenue. According to Officer Koval, the vehicle appeared to partially cross over the dotted white line separating the two east-bound lanes of the four-lane street. Officer Koval initiated a traffic stop and ultimately arrested the driver of the vehicle, Dahl, for driving under the influence of alcohol.

[¶3.] Dahl moved to suppress all evidence obtained from the stop of his vehicle arguing that Officer Koval lacked reasonable suspicion to make the stop. After reviewing the surveillance video from Officer Koval's dashboard camera, the circuit court concluded that Dahl's vehicle had clearly crossed the dividing line and that Officer Koval therefore had reasonable suspicion to make the stop. Following a

-1-

bench trial, Dahl was convicted of third-offense DUI and was sentenced to two years in the state penitentiary, with one year suspended. Dahl appeals.

*Analysis and Decision*

[¶4.] Dahl argues that Officer Koval lacked reasonable suspicion to stop his vehicle, and that the stop was therefore a violation of his Fourth Amendment protection against unreasonable search and seizure. He further claims that all evidence derived from the stop must be suppressed as a result of the constitutional violation. "Our review of a motion to suppress based on an alleged violation of a constitutionally protected right is a question of law examined de novo." *State v. Bergee*, 2008 S.D. 67, ¶ 9, 753 N.W.2d 911, 913-14 (quoting *State v. Hayen*, 2008 S.D. 41, ¶ 5, 751 N.W.2d 306, 308).

[¶5.] "An investigatory traffic stop must be 'based on objectively reasonable and articulable suspicion that criminal activity has occurred or is occurring.'" *State v. Herren*, 2010 S.D. 101, ¶ 7, 792 N.W.2d 551, 554 (quoting *Bergee*, 2008 S.D. 67, ¶ 10, 753 N.W.2d at 914). In *Herren*, this Court quoted the United States Supreme Court as follows:

> When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the "totality of the circumstances" of each case to see whether the detaining officer has a "particularized and objective basis" for suspecting legal wrongdoing. This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that "might well elude an untrained person." Although an officer's reliance on a mere "'hunch'" is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard.

*Id.* (quoting *United States v. Arvizu*, 534 U.S. 266, 273-74, 122 S. Ct. 744, 750, 151 L. Ed. 2d 740 (2002)).

[¶6.]　　　"Recognizing that the term 'reasonable suspicion' cannot be precisely defined, we have said that it 'is a common sense and non-technical concept dealing with the practical considerations of everyday life.'" *Id.* ¶ 8 (quoting *State v. Quartier*, 2008 S.D. 62, ¶ 10, 753 N.W.2d 885, 888). "Reasonable suspicion to stop must be based on 'specific and articulable facts which taken together with rational inferences from those facts, reasonably warrant [the] intrusion.'" *Id.* (quoting *State v. Akuba*, 2004 S.D. 94, ¶ 15, 686 N.W.2d 406, 413). "[I]n making a reasonable suspicion determination, we must [l]ook at the '*totality of the circumstances*' of each case to see whether the detaining officer has a '*particularized and objective basis*' for suspecting legal wrongdoing." *Id.* (quoting *Bergee*, 2008 S.D. 67, ¶ 10, 753 N.W.2d at 914). "The stop may not be the product of mere whim, caprice or idle curiosity." *Id.*

[¶7.]　　　Dahl argues that Officer Koval's stop was based on his mistaken belief that partially crossing into the left lane was prohibited by statute. This Court has recently held that an officer's objectively unreasonable "mistake of law" cannot provide the basis for a traffic stop. *State v. Wright*, 2010 S.D. 91, ¶ 21, 791 N.W.2d 791, 799; *Webb v. South Dakota Dept. of Commerce and Regulation*, 2004 S.D. 63, ¶ 10, 680 N.W.2d 661, 665. SDCL 32-26-17, the statute upon which Officer Koval relied as the basis for his stop, provides in part:

> Except as otherwise provided in § 32-26-20, the driver of a vehicle intending to turn to the right at an intersection shall approach such intersection in the lane for traffic nearest to the right-hand side of the highway, and in turning shall keep as

closely as practicable to the right-hand curb or edge of the highway.

While this statute does not explicitly prohibit a driver from crossing into another lane when making a right-hand turn, this does not necessarily mean that Officer Koval made a mistake of law in concluding that Dahl's conduct violated the statute. Dahl was still required to stay "as close as practicable" to the right-hand curb. This language requires an observing officer to exercise judgment in determining whether a violation may have occurred.

[¶8.] This case is therefore distinguishable from *Wright* and *Webb,* where each officers' interpretation of the applicable law was objectively unreasonable. *See Wright*, 2010 S.D. 91, ¶ 21, 791 N.W.2d at 799; *Webb*, 2004 S.D. 63, ¶ 9, 680 N.W.2d at 665. In this case, by contrast, the language of SDCL 32-26-17 requires the officer to make a determination as to what is "practicable" under the circumstances. Officer Koval reasonably concluded that Dahl's vehicle did not stay as close as practicable to the curb while making the turn, and he may well be correct that Dahl's conduct violated the statute. The stop initiated by Koval was therefore appropriate to investigate whether Dahl violated SDCL 32-26-17.

[¶9.] However, even if Dahl did not break any traffic laws, Officer Koval still had reasonable suspicion to make the stop. This Court has upheld the reasonableness of a traffic stop when an officer observes a vehicle crossing lines on the road. *See State v. Ballard*, 2000 S.D. 134, ¶ 11, 617 N.W.2d 837, 840 (crossing center line and fog line); *State v. Sleep*, 1999 S.D. 19, ¶ 8, 590 N.W.2d 235, 238 (crossing the dividing line between two lanes on a four-lane highway). A review of the video evidence in this case supports the circuit court's conclusion that Dahl's

vehicle "clearly crossed over the line" while making the right-hand turn. The turn appeared to be considerably wider than necessary under the circumstances and created the reasonable inference that the driver of the vehicle might be impaired. This was a specific and articulable fact that Officer Koval identified as the basis for his stop, rather than a mere hunch or curiosity. While the evidence may not have been substantial, it was sufficient to satisfy the relatively low standard of reasonable suspicion.

## *Conclusion*

[¶10.] This case is distinguishable from *Wright* and *Webb* because Officer Koval did not make a mistake of law by concluding that Dahl's vehicle did not stay "as close as practicable" to the right-hand curb when making the turn. Even if Dahl did not violate any traffic laws, his wide turn and crossing over the dividing line were sufficient to form the basis for reasonable suspicion to stop his vehicle.

[¶11.] Affirmed.

[¶12.] KONENKAMP, ZINTER, SEVERSON, and WILBUR, Justices, concur.