#26422, #26423-rev & rem-GAS
**2013 S.D. 35**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

(#26422)

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellant,

        v.

SHANE H. ERWIN,                           Defendant and Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

(#26423)

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellant,

        v.

RICHARD H. ERWIN                          Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
CODINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE ROBERT L. TIMM
Judge

* * * *

MARTY J. JACKLEY
Attorney General

CRAIG M. EICHSTADT
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                          and appellant.

TERRY J. SUTTON
Watertown, South Dakota                   Attorney for defendant
                                          and appellees.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 12, 2013

OPINION FILED **05/08/13**

SEVERSON, Justice.

[¶1.] On January 3, 2012, Shane Erwin was traveling with his father, Richard Erwin, through Watertown, South Dakota. While driving on U.S. Highway 212, Shane pulled his vehicle into the left turn lane at the intersection of 29th Street and signaled his intention to turn south onto 29th Street. While Shane was waiting for a green left turn arrow, Officer Kirk Ellis of the Watertown Police Department pulled into the left turn lane directly behind Shane's vehicle, also intending to go south on 29th Street.

[¶2.] Westbound U.S. Highway 212 has four lanes at the intersection with 29th Street: one dedicated left turn lane, one dedicated right turn lane, and two lanes for westbound movement through the intersection. South of U.S. Highway 212, 29th Street is a two way street with two southbound lanes in the direction of the Wal-Mart Supercenter and other shopping destinations. The lanes are separated by pavement marking stripes, which were applied in 2008. Also in 2008, the State of South Dakota added turning radius markings from the left turn lane of U.S. Highway 212 through the intersection to the left most southbound lane of 29th Street to guide left turning traffic.

[¶3.] When the left turn arrow changed to green, Shane drove through the intersection onto south 29th Street, making a wide arc and positioning his vehicle in the right southbound lane of 29th Street, rather than the left southbound lane of the street. Officer Ellis observed Shane's turn into the right southbound lane of 29th Street and activated his emergency lights. Officer Ellis followed Shane into

the Wal-Mart parking lot, approached Shane's vehicle, and requested that Shane come back to Officer Ellis's patrol car.

[¶4.]     While in the patrol car, Officer Ellis wrote Shane a warning citation for his illegal left turn and engaged in routine traffic stop questioning. Officer Ellis asked Shane if he had any illegal drugs in his vehicle. Officer Ellis observed that Shane became nervous when he asked Shane about drugs. Because Officer Ellis is a canine officer, he had a drug sensing dog with him at the time of the stop. Officer Ellis walked his dog around Shane's vehicle and the dog indicated the presence of drugs. Other officers from the Watertown Police Department arrived at the scene to assist Officer Ellis. When they searched the vehicle, Officer Ellis and the other officers found two small plastic containers containing a white powder, a scale with marijuana residue, and two straws with white powder residue.

[¶5.]     Shane and Richard were arrested. Both were initially charged with one count each of ingestion, felony possession of cocaine, and felony possession of methamphetamine. The State eventually dismissed both felony possession charges against Richard and the felony possession of methamphetamine charge against Shane.

[¶6.]     The Erwins moved to suppress evidence, alleging an illegal stop. The trial court held a hearing on the motion and heard testimony from Officer Ellis, Ron Sherman, Watertown Area Engineer for the South Dakota Department of Transportation, and Tom Drake, Watertown City Engineer. The trial court granted the motion to suppress and entered findings of fact and conclusions of law.

[¶7.]     The State brought an appeal of the intermediate order, arguing that the trial court erred in granting the motion to suppress because Officer Ellis observed Shane violating a state traffic law and had reasonable suspicion and probable cause to stop the Erwins.

## STANDARD OF REVIEW

[¶8.]     We review "'a motion to suppress based on an alleged violation of a constitutionally protected right [as] a question of law examined de novo.'" *State v. Dahl*, 2012 S.D. 8, ¶ 4, 809 N.W.2d 844, 845 (quoting *State v. Bergee*, 2008 S.D. 67, ¶ 9, 753 N.W.2d 911, 913-14). "[W]e review the circuit court's findings of fact under the clearly erroneous standard, but we give no deference to its conclusions of law." *State v. Ludemann*, 2010 S.D. 9, ¶ 14, 778 N.W.2d 618, 622 (citing *State v. Haar,* 2009 S.D 79, ¶ 12, 772 N.W.2d 157, 162). We review issues of statutory interpretation "under the de novo standard." *State v. Jucht*, 2012 S.D. 66, ¶ 22, 821 N.W.2d 629, 634 (citing *State v. Powers*, 2008 S.D. 119, ¶ 7, 758 N.W.2d 918, 920). But "'[w]hen the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed.'" *Martinmaas v. Engelmann*, 2000 S.D. 85, ¶ 49, 612 N.W.2d 600, 611 (quoting *Moss v. Guttormson*, 1996 S.D. 76, ¶ 10, 551 N.W.2d 14, 17).

## DISCUSSION

[¶9.]     When a law enforcement officer stops a vehicle, an "investigatory traffic stop must be 'based on objectively reasonable and articulable suspicion that criminal activity has occurred or is occurring.'" *State v. Herren*, 2010 S.D. 101, ¶ 7,

792 N.W.2d 551, 554 (quoting *Bergee,* 2008 S.D. 67, ¶ 10, 753 N.W.2d at 914). But, if a law enforcement officer observes a traffic violation, then the officer has "'probable cause to stop a vehicle, even if the officer would have ignored the violation but for a suspicion that greater crimes are afoot.'" *State v. Akuba*, 2004 S.D. 94, ¶ 16, 686 N.W.2d 406, 414 (quoting *United States v. Luna,* 368 F.3d 876, 878 (8th Cir. 2004)). "The United States Supreme Court holds that a traffic stop is constitutional, no matter the officer's subjective intent, so long as the officer had probable cause to believe that a traffic violation occurred." *United States v. Gomez Serena,* 368 F.3d 1037, 1041 (8th Cir. 2004) (citing *Whren v. United States,* 517 U.S. 806, 813, 116 S. Ct. 1769, 1774, 135 L. Ed. 2d 89 (1996)).

[¶10.]     South Dakota statutes require that when a driver turns left, the driver must turn into the left most lane of the road, rather than making a wide arc. SDCL 32-26-18 provides:

> The driver of a vehicle intending to turn left shall approach the turn in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of the vehicle. If practicable, the left turn shall be made to the left of the center of the intersection and so as to leave the intersection or other location in the extreme left-hand lane lawfully available to traffic moving in the same direction as the vehicle on the roadway being entered. A violation of this section is a Class 2 misdemeanor.

[¶11.]     We analyze the circumstances in this case under the probable cause standard because Officer Ellis observed Shane turning left in violation of SDCL 32-26-18. Officer Ellis saw Shane turning left by making a wide arc into the right lane of the two southbound lanes on 29th Street. Officer Ellis's observation of Shane's wide turn is documented by a video recording of the incident that is part of the record. The Erwins argue that the motion to suppress should be upheld because the

stop was not objectively reasonable. They state that the intersection provides inadequate notice that southbound 29th Street is a two lane street. Thus, they argue Officer Ellis's enforcement of SDCL 32-26-18 is unreasonable.

[¶12.]     The record reflects that southbound 29th Street is a two lane street with faded, but visible, striping marking the division of the road into two lanes. Further, South Dakota Department of Transportation Engineer Ron Sherman testified that in 2008, the State affixed striping or markings on the left side of the left turn lane through the intersection to guide traffic into the left most lane of southbound 29th Street. Regardless of the existence of striping through the intersection or on southbound 29th Street, Shane made a wide left turn into the right lane, rather than the left lane, of the two southbound lanes. Officer Ellis had probable cause to stop the Erwins because he witnessed a violation of SDCL 32-26-18.

[¶13.]     The trial court relied on a number of inapplicable statutes in its determination that Officer Ellis's stop of the Erwins was unreasonable. The trial court concluded that SDCL 32-26-20 is the "operative statute" in this case because the Department of Transportation modified when vehicles may turn left at the intersection. At the intersection of U.S. Highway 212 and 29th Street, vehicles in the left turn lane may only turn left when the arrow is green, rather than during a solid green light. The trial court concluded that because Shane could only turn left when the arrow was green, he had the right-of-way to turn onto *either southbound lane* of 29th Street. SDCL 32-26-20 requires that the Department of Transportation post signs if it modifies the method of turning at an intersection—in this case,

turning left only on the green arrow. However, the statute does not modify SDCL 32-26-18's requirement that a left turning vehicle should turn into the left most lawfully available lane. Thus, SDCL 32-26-18 continues to apply in this case and was properly enforced by Officer Ellis.

[¶14.] In addition, the trial court found that, in order for lane driving traffic rules to apply, SDCL 32-26-5 requires lanes to be clearly marked. This section requires that when any roadway is divided into multiple lanes, then SDCL 32-26-6 through SDCL 32-26-10 apply. SDCL 32-26-6 through SDCL 32-26-10 set out various rules governing state highways, including changing lanes and passing. These sections have no impact on the applicability of SDCL 32-26-18's requirement that left turning vehicles turn into the left most lawfully available lane.

[¶15.] Further, the trial court found that SDCL 32-28-11 is applicable and requires notice to enforce SDCL 32-26-18. However, SDCL 32-28-11 applies only to SDCL chapter 32-28. It does not apply to SDCL chapter 32-26.

## CONCLUSION

[¶16.] Officer Ellis had probable cause to stop the Erwins because he witnessed a violation of SDCL 32-26-18. We reverse the trial court's order suppressing all evidence resulting from the stop and remand the matter to the trial court.

[¶17.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.